IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

DEBORAH LAUFER )
                )
   Plaintiff,   )
                )   CASE NO.
   vs.          )   1:20-cv-00228-LAG
                )
SHREE VARAHI 2016 LLC, a )
Georgia Corporation )
                )
   Defendant.   )

## ANSWER

COMES NOW SHREE VARAHI 2016 LLC, A GEORGIA CORPORATION ("SHREE VARAHI"), Defendant, and files its Answer and affirmative defenses in response to the allegations of the Complaint as follows:

### First Defense

The Complaint fails to state a claim for which relief may be granted.

### Second Defense

Plaintiff lacks standing to pursue this action

### Third Defense

The websites of which Plaintiff complains are not under the control of Defendant in whole or in part.

### Fourth Defense

Plaintiff has not satisfied the conditions precedent for seeking injunctive relief from the Court or for seeking relief under the Americans with Disabilities Act.

### Fifth Defense

Plaintiff did not make reasonable inquiries concerning the already-extensive listing of "Accessibility" features offered through at least one of the sites she complains of, despite an explicit request on the subject website to do so.

### Sixth Defense

Defendant provided adequate access to its business to persons with disabilities by using methods such as customer service.

### Seventh Defense

The links of which Defendant complains already list numerous accessibility features. It would pose an undue burden to preemptively list additional accessibility features with the specificity and nuance that Plaintiff requires, especially given that Plaintiff has never inquired about any such features.

Eighth Defense

Plaintiff is not a qualified individual under the Americans with Disabilities Act.

Ninth Defense

Removal of any barriers to access, the existence of such barriers being specifically denied, is not readily achievable.

Tenth Defense

Defendant has made all known reasonable modifications and any additional modifications are not readily achievable.

Eleventh Defense

Plaintiff may lack standing because she has not been deterred from visiting within the meaning of the Americans with Disabilities Act.

Twelfth Defense

This suit may be untimely because Plaintiff cannot show that she has been deterred from visiting within the requisite limitation period within the meaning of the Americans with Disabilities Act.

Thirteenth Defense

To the extent Plaintiff suffered any harm and may be entitled to any damages or other form of relief, such harm, damages, and entitlement being

specifically denied, third parties, including Hotels.com, Priceline.com, Agoda.com, US.Trip.com, Cheaptickets.com and Travelocity.com may be liable in whole or in part.

Fourteenth Defense

For the same reason listed in Defense No. 13, Plaintiff has failed to join necessary parties.

Fifteenth Defenses

To the extent that Plaintiff or Plaintiff's counsel is prohibited from filing this action in whole or in part by any show-cause order or other judicial enactment, Defendant invokes all available remedies from such order or enactment.[1]

---

[1] *See* Order, In Re: ADA Cases, United States District Court for the Middle District of Florida, Orlando Division, 6:18-mc-14-ORL-31DCI, Doc. No. 56, at 1 (ordering Thomas Bacon to comply with reporting requirements); *see also* Paul Brinkmann, 16 Florida lawyers face wrath of Orlando judges over 'vague, boilerplate' ADA lawsuits, Orlando Sentinel, May 18, 2018, *available at* https://www.orlandosentinel.com/business/os-cfb-ada-florida-attorneys-20180518-story.html (last accessed Jan. 10, 2019) (describing genesis of reporting requirements and judicially-initiated action against Plaintiff's counsel).

<u>Sixteenth Defense</u>

To the extent shown in discovery, Defendant asserts the affirmative defenses of accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

<u>Seventeen Defense</u>

Defendant now responses more particularly to the enumerated allegations of the complaint as follows:

1.

For want of sufficient information, Defendant can neither admit nor deny the allegations of Paragraph 1 of the Complaint.

2.

For want of sufficient information, Defendant can neither admit nor deny the allegations of Paragraph 2 of the Complaint.

3.

Defendant admits the allegations of Paragraph 3 but denies liability.

4.

Defendant admits the allegations of Paragraph 4 but denies liability.

5.

Defendant admits the allegations of Paragraph 5 but denies liability.

6.

Defendant admits the allegations of Paragraph 6 but craves reference to the specific language that is cited in the paragraph.

7.

Defendant admits the recitation of law set out in Paragraph 7.

8.

Defendant admits the allegations of Paragraph 8.

9.

Defendant denies the allegations of Paragraph 9.

10.

For want of sufficient information, Defendant can neither admit nor deny the allegations of Paragraph 10 and therefore denies same.

11.

Defendant objects to Paragraph 11 of the Complaint and moves to strike same as it is not a pleading of facts, but a statement of intent. To the extent an answer is required of this Defendant, for want of sufficient information, this

Defendant can neither admit nor deny the allegation of Paragraph 11 and therefore denies same.

12.

Defendant objects to Paragraph 12 of the Complaint and moves to strike same as it is not a pleading of facts, but a statement of opinion. To the extent an answer is required of this Defendant, for want of sufficient information, this Defendant can neither admit nor day the of allegation of Paragraph 12 and therefore denies same.

13.

Defendant denies the allegations of Paragraph 13.

14.

Defendant denies the allegations of Paragraph 14.

15.

Defendant denies the allegations of Paragraph 15.

16.

Defendant denies the allegations of Paragraph 16.

17.

Defendant denies the allegations of Paragraph 17.

18.

Defendant denies the allegations of Paragraph 18.

19.

Defendant denies the allegations of Paragraph 19.

20.

Defendant admits the recitation of law set out in Paragraph 20, but denies that Plaintiff is entitled to the relief set out therein.

## Eighteenth Defense

This Defendant denies each and every allegation of the Complaint to which it has not expressly responded herein above.

Wherefore, this Defendant, having fully answered the allegations asserted against it in the Complaint and having denies any and all liability to the Plaintiff, hereby demands that this matter as asserted against it be dismissed with all costs taxed to the Plaintiff.

/s/ Elizabeth G. Howard
Elizabeth G. Howard, GA Bar No. 100118
Counsel for Defendant

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr, NE, Ste E-100
Atlanta, GA  30028
678-222-0265 [direct]
egh@bayatl.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing *Answer* by using the CM/ECF system, which will automatically send e-mail notification of such filing to the following parties:

>Tristan W. Gillespie, Esq.
>Thomas B. Bacon, P.A.
>5150 Cottage Farm Road
>Johns Creek, GA 30022

This 23rd day of December, 2020.

>/s/ Elizabeth G. Howard
>Elizabeth G. Howard